[Civ. No. 68513. Second Dist., Div. Five. June 16, 1983.]

EDGAR STRAUSS, JR., Plaintiff and Appellant, v.
A. L. RANDALL CO., INC., Defendant and Respondent.

516

---

■■■■■■■■■■■■■

---

COUNSEL

Robinson & Wood and Christian B. Nielsen for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Walter R. Allan, Thomas P. O'Donnell and John M. Grenfell for Defendant and Respondent.

---

OPINION

**FEINERMAN, P. J.**—Plaintiff, Edgar Strauss, Jr. (Strauss) appeals from a judgment of dismissal entered following an order sustaining the general demurrer of defendant A. L. Randall Co., Inc. (Randall) to the first count of the complaint without leave to amend.

■ In considering an appeal from a judgment of dismissal. entered after the sustaining of a demurrer to a complaint, a reviewing court must regard the allegations as true and assume that plaintiff can prove all of the facts as alleged. (*Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520].)

Strauss entered into an oral agreement of employment with Randall in 1962. For 17 years he worked for Randall as a salesman of wholesale floral supplies in California, Nevada, and Arizona. In November of 1979 he was notified that his employment would be terminated the following month. Strauss asserts that his discharge was "wrongful and without just cause in that the reason for plaintiff's dismissal was his age." He was 55 years old at the time he was terminated. Plaintiff at all times has been ready, willing and able to perform all conditions of his employment agreement.

Strauss' complaint sets forth two purported causes of action. The first was an action for the common law tort of wrongful discharge, based upon an alleged violation of public policy, discrimination in employment because of the employee's age. The second count alleged age discrimination, in vio-

lation of former Labor Code section 1420.1.[1] Randall demurred to the first count on the basis that Strauss had failed to state facts sufficient to constitute a cause of action. It demurred to the second count on the ground that plaintiff had failed to exhaust his administrative remedies under the statute. The trial court sustained, without leave to amend, the demurrer to count I and overruled the demurrer to count II. Strauss then voluntarily dismissed, without prejudice, the complaint as to count II only, and subsequently refiled that complaint. He then moved for a judgment of dismissal as to count I. A judgment of dismissal was entered, and plaintiff now appeals from that judgment.

Labor Code section 2922 codifies the traditional common law rule regarding employment termination. It states: "An employment, having no specified term, may be terminated at the will of either party on notice to the other." However, two exceptions have long been made to this rule. A contract of employment can be terminated only for good cause if either (1) the contract was supported by consideration independent of the services to be performed by the employee, or (2) the parties agreed, expressly or impliedly, that the employee could be terminated only for good cause. (*Rabago-Alvarez* v. *Dart Industries, Inc.* (1976) 55 Cal.App.3d 91, 96 [127 Cal.Rptr. 222].)

In addition, our courts have allowed a cause of action for wrongful discharge where such discharge was in violation of public policy. Such cases include *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314] (discharge because of employee's refusal to engage in illegal price fixing activities), *Hentzel* v. *Singer Co.* (1982) 138 Cal.App.3d 290 [188 Cal.Rptr. 159] (discharge for attempt to obtain a healthy environment in which to work) and *Montalvo* v. *Zamora* (1970) 7 Cal.App.3d 69 [86 Cal.Rptr. 401] (discharge for designating a representative in employment negotiations and for exercising rights under the California Minimum Wage Law).

Two recent decisions have further extended employees' rights. These decisions are rooted in two concepts: (1) termination of employment without legal cause offends the implied-in-law covenant of good faith and fair dealing contained in all contracts and (2) an employee has a right to rely upon an employer's conduct giving rise to an implied promise that it would not act arbitrarily in dealing with its employees. (*Pugh* v. `See's Candies, Inc.*

---

[1]Labor Code sections 1410 through 1433, the Fair Employment Practices Act, were repealed by Statutes 1980, chapter 992, section 11, page 3166 and incorporated into the California Fair Employment and Housing Act. They are now found in Government Code section 12940 et seq. Unless otherwise noted, all subsequent references are to the Labor Code.

(1981) 116 Cal.App.3d 311, 329 [171 Cal.Rptr. 917] (32-year employment coupled with commendations and promotions, lack of criticism of the employee's work, and assurances by the company over the years that the employee would never be discharged except for good cause); *Cleary v. American Airlines, Inc.* (1980) 111 Cal.App.3d 443, 455 [168 Cal.Rptr. 722] (employee engaged in union activities was discharged, without a hearing, for alleged theft after 18 years of allegedly satisfactory services; the employer had adopted specific procedures, applicable to other classes of employees, for adjudicating employee disputes).)

Former Labor Code section 1411, a part of the Fair Employment Practices Act (FEPA), stated: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex, or age." Section 1420.1 further declared that "[i]t is an unlawful employment practice for an employer to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." Section 1421 et seq. mandated the procedure which the aggrieved employee must follow if he chose to pursue his complaint. He had a right to file a verified complaint in writing with the Division of Fair Employment Practices in the Department of Industrial Relations within the specified time. The division was obligated to endeavor to eliminate the unlawful employment practice through conference, conciliation and persuasion. If this could not be accomplished, the division had authority to issue an accusation setting forth the nature of the charges, and the employer was required to answer the charges at a hearing. If an accusation was not issued within 150 days after the filing of a complaint, or if the division earlier determined that it would not issue an accusation, the aggrieved employee could bring a civil action against the employer.

■ Section 1420.1 created a new right for plaintiffs over 40 who alleged that they were discriminated against in employment because of their age. "[T]he prohibitions on employment discrimination contained in the FEPA are in no sense declaratory of preexisting common law doctrine but rather include areas and subject matters of legislative innovation, creating new limitations on an employer's right to hire, promote or discharge its employees." (*Gay Law Students Assn. v. Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 490 [156 Cal.Rptr. 14, 595 P.2d 592].) Section 1420 et seq. created a statutory remedy for the infringement of that right. ■ "Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided. . . ." (*Palo Alto-Menlo*

*Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 131 [135 Cal.Rptr. 192]; *County of Monterey* v. *Abbott* (1888) 77 Cal. 541 [18 P. ·113, 20 P. 73]; see 2 Witkin, Cal. Procedure (2d ed. 1970) p. 885.) Our courts have allowed exceptions to this rule only when the statutory remedy has been found inadequate. (See, e.g., *Orloff* v. *Los Angeles Turf Club* (1947) 30 Cal.2d 110, 113 [180 P.2d 321, 171 A.L.R. 913].)

■ We conclude that Strauss' right to file a private civil action is demarcated by statute. *Hentzel* v. *Singer Co., supra,* 138 Cal.App.3d 290, cited by appellant, is distinguishable from the case at bench. There, the court identified a long-standing state policy in favor of promoting a safe and healthful work environment. This policy predated the enactment of a statutory remedy. Thus, the availability of a statutory remedy did not destroy Hentzel's common law remedy. In reaching this conclusion, the court noted that "[t]he remedial scheme under [the California Occupational Safety and Health Act] is distinguishable from that under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), where exhaustion of remedies in a similar situation may well be required. [Citation.] The latter statute provides a comprehensive scheme or administrative enforcement through the Department of Fair Employment and Housing, whose function is to investigate, conciliate, and seek redress of complained of discrimination, through confidential conference, conciliation, and persuasion; and, if that fails or seems inappropriate, through an accusation to be heard by the Fair Employment and Housing Commission, which has power itself to issue orders remedying the discrimination. [Citation.]" *(Id.,* at p. 303, fn. 9.)

Strauss' argument is likewise unaided by the holding in *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211 [185 Cal.Rptr. 270, 649 P.2d 912]. In *Commodore,* the court held that ". . . the FEHA does not limit the *relief* a court may grant in a *statutory suit* charging employment discrimination." *(Id.,* at p. 215; italics added.) The .court concluded ". . . in a *civil action under the FEHA,* all *relief* generally available in noncontractual actions, including punitive damages, may be obtained." *(Id.,* at p. 221; italics added.) The court then affirmed the trial court's order denying the defendant's motion to strike the prayer for punitive damages. It should be noted that the *Commodore* court emphasized the fact that a plaintiff must pursue his statutory remedies before initiating a civil action under the FEHA. *(Id.,* at pp. 213-214, 217, 218, 219.)

In discussing the nature of the plaintiff's rights to file a civil action, it is clear the *Commodore* court was referring solely to a civil action *under* the FEHA. It is an exclusive remedy available under Government Code section 12965, subdivision (b), which sets forth the ground rules for such a cause

of action and, inter alia, grants to a trial court the discretion to award attorneys fees and costs to the prevailing party. When the court referred to "all relief generally available in noncontractual actions" being available to a plaintiff in a civil action under the FEHA, it was utilizing the word "relief" in its strict legal sense—namely the redress, damages, or benefits to be awarded to a prevailing party in an action under the FEHA.

Under former Labor Code section 1422.2, subdivision (b)[2] Strauss was permitted to file a civil action *"under this part"* if an accusation was not issued within the 150 days of the filing of the complaint, or if the department notified him prior thereto in writing that he had a right to sue.

In this case, the record indicates that Strauss did receive a "right-to-sue" letter from the Department of Fair Employment and Housing (now the FEPC) prior to filing his initial complaint containing two causes of action. Count I was an action for the "common law" tort of wrongful discharge based on age discrimination. Count II alleged age discrimination in violation of Labor Code section 1420.1. The trial court overruled the demurrer to count II, finding that the plaintiff had exhausted his administrative remedies, but the plaintiff elected to dismiss count II without prejudice and refile that cause of action. To the best of our knowledge, that cause of action is still pending.

In summary, it is clear that there is no "common law" cause of action for alleged age discrimination (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co., supra,* 24 Cal.3d 458, 490.) By enacting Labor Code section 1420.1, the Legislature intended to provide the exclusive remedy for a wrongful discharge because of alleged age discrimination. Appellant's

---

[2]Former Labor Code section 1422.2, subdivision (b) provided in pertinent part as follows: "(b) If an accusation is not issued within 150 days after the filing of a complaint, or if the division earlier determines that no accusation will issue, the division shall promptly notify, in writing, the person claiming to be aggrieved. Such notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of such notice. The superior courts of the State of California shall have jurisdiction of such actions. Such an action may be brought in any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to such practice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any such county, such an action may be brought within the county of defendant's residence or principal office. Such actions may not be filed as class actions or may not be maintained as class actions by the person or persons claiming to be aggrieved where such persons have filed a civil class action in the federal courts alleging a comparable claim of employment discrimination against the same defendant or defendants. In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity."

rights to file a cause of action for age discrimination are delimited by the provisions of this statute. (*Portillo* v. *G. P. Price Products, Inc.* (1982) 131 Cal.App.3d 285, 287 [182 Cal.Rptr. 291].)

The judgment is affirmed.

Stephens, J., and Ashby, J., concurred.

A petition for a rehearing was denied July 6, 1983, and appellant's petition for a hearing by the Supreme Court was denied August 10, 1983.