Richard WAGNER, Plaintiff,

v.

SANDERS ASSOCIATES, INC., a Delaware corporation, Calcomp Group, Does I—X, inclusive, Defendants.

No. CV85–5072–JSL(Kx).

United States District Court, C.D. California.

June 25, 1986.

William M. Crosby, Irvine, Cal., for plaintiff.

William D. Claster, Gibson, Dunn & Crutcher, Newport Beach, Cal., for defendants.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR AN ORDER SPECIFYING MATERIAL FACTS EXISTING WITHOUT SUBSTANTIAL CONTROVERSY

LETTS, District Judge.

Defendant Sanders Associates, Inc. has moved for summary judgment on one cause of action, and for an order specifying material facts existing without substantial controversy, in this employment action filed by Plaintiff Richard Wagner. Oral argument was held on April 28, 1986. After reviewing all materials submitted in connection with this motion, and having heard arguments of counsel, the Court has decided that the motion should be GRANTED.

This is one of four wrongful termination cases decided together by the Court. Summary judgment has been granted for the defendant employer, based on principles derived from California decisions, in each of the four.

As this Court stated in *Cox v. Resilient Flooring Division of Congoleum Corp.*, 638 F.Supp. 726 (C.D.Cal.1986), the Court is aware of its duty to decide diversity cases by "apply[ing] state law as the state's highest court would." *Hillary v. Rushen*, 720 F.2d 1132, 1138 n. 5 (9th Cir. 1983). As in *Cox*, the Court believes that the instant case illustrates some of the shortcomings of an approach which focuses not on whether the employee was treated fairly in the overall, but rather on the narrow "pigeonholes" into which each plaintiff tries to fit.

## I. FACTS

Plaintiff Richard Wagner was hired in 1966 by the Calcomp Group of Sanders Associates ("Calcomp" or "Defendant") as a sales representative. Wagner's employment at Calcomp was twice interrupted: first, by a ten-month layoff in 1973, and second, by a voluntary resignation on March 7, 1983. Calcomp rehired Wagner two weeks after this 1983 resignation.

On June 2, 1984, Wagner was reassigned from his position as District Sales Manager to Plotter Product Sales Manager. This new position carried with it substantial diminution of responsibility, and Wagner could reasonably have anticipated the considerable reduction in pay which in fact followed his reassignment.

Wagner accepted his new position as Product Sales Manager on August 1, 1984. In a memorandum written to his supervisor shortly after his reassignment, Wagner expressed what appears to have been a genuine willingness to perform well in the new job. Wagner's deposition testimony indicates, however, that at the time of his acceptance, he intended to seek new employment and later to resign and file a lawsuit, although he did not disclose his intentions to Calcomp. Although he considered his new position a demotion, Wagner admitted that the pay was "fair for what I was doing," and that his working conditions were satisfactory.

In late November, 1984, Wagner secured a job with another employer. He resigned from Calcomp on November 26, 1984. Wagner's reason for his resignation was his reassignment which had taken place six months previously. At no time did Wagner file a grievance with Calcomp.

On March 6, 1985, Wagner filed suit in Orange County Superior Court, alleging constructive wrongful discharge and age discrimination. Defendant removed the action to federal court on the basis of diversity of citizenship. Defendant maintains in its motion that the undisputed facts show that, as a matter of law, Wagner was not constructively discharged, and that his age discrimination claim is preempted by the California Fair Employment and Housing Act ("FEHA") and therefore cannot form the basis of a common-law action. On that

basis defendant seeks summary judgment on Wagner's first cause of action, and for an order specifying material facts existing without substantial controversy on the "constructive discharge" allegation.

## II. ANALYSIS

A. *When a summary judgment motion is made and supported, the nonmoving party may not rest on the allegations of his pleadings.*

Summary judgment is appropriate when the materials submitted show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party has the initial burden of demonstrating the absence of any material fact, with the facts construed in favor of the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When a motion is made and supported, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but, ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R.Civ.P. 56(e). Unsubstantiated and conclusory allegations are insufficient to create a dispute as to a material fact. *See Mitchel v. General Electric Co.*, 689 F.2d 877, 879 (9th Cir. 1982).

B. *Summary judgment is appropriate on Wagner's first cause of action.*

In his deposition, Wagner stated unambiguously that he believed that he was demoted because of his age and for no other reason. His reassignment is clearly the only basis for either cause of action in his complaint: he alleges that he was demoted because of his age, which constituted a "constructive wrongful termination" in violation of both the covenant of good faith and fair dealing and of the age-dis-

crimination provisions of the FEHA, Cal. Gov't Code sections 12940 *et seq.*

■ Defendant first argues that Wagner cannot base a common-law claim on an age discrimination allegation because the exclusive remedy for age discrimination in California is statutory. This Court agrees. In *Strauss v. A.L. Randall Co.*, 144 Cal. App.3d 514, 194 Cal.Rptr. 520 (1983), the Court held that claims of wrongful discharge based on age discrimination could be remedied only under the FEHA:

[T]here is no "common law" cause of action for alleged age discrimination. By enacting Labor Code section 1420.1,[1] the Legislature intended to provide the exclusive remedy for wrongful discharge because of alleged age discrimination. Appellant's rights to file a cause of action for age discrimination are delimited by the provisions of this statute.

144 Cal.App.3d at 520–21.

Federal courts applying California law have reached uniformly the same conclusion. In *Sorosky v. Burroughs Corp.*, 119 LRRM 2785, 2788–89, 37 FEP Cas. 1510 (C.D.Cal.1985), the Court granted summary judgment against a claim similar to Wagner's first cause of action, holding that the plaintiff could not base a tort claim of wrongful discharge on an age discrimination allegation. In *Wilson v. Vlasic Foods, Inc.*, 116 LRRM 2419, 2421 (C.D.Cal.1984), the Court explained:

[B]ecause no common law remedy for age discrimination predated the FEHA, that statute provides the exclusive remedy for discharge based on age. The wisdom of such a holding is clear in that otherwise, a claimant would be free to circumvent the elaborate procedural mechanism established by the Act by simply filing a claim under the common law, rather than the statutory doctrine.

*See also Mahoney v. Crocker National Bank*, 571 F.Supp 287, 294 (N.D.Cal.1983) (holding that FEHA is the exclusive reme-

1. Cal.Labor Code sections 1410 through 1433 were repealed by statutes 1980, Chapter 992, Section 11, p. 3166, and incorporated into the

FEHA. The same provisions are now found in Cal.Gov't Code section 12940 *et seq.*

dy for age discrimination claims in California).

Defendant has demonstrated, by submitting to the Court excerpts of Wagner's own deposition testimony, that there is no genuine dispute about the basis—age discrimination—of Wagner's claim for wrongful discharge contained in Count One of his complaint. Wagner has not shown this Court anything which would create a genuine issue as to that fact, instead relying on the conclusory allegations of his pleadings. This is insufficient to defeat a summary judgment motion. *See* Fed.R.Civ.P. 56(e). Because there are no disputed material facts, and because Defendant is entitled to judgment as a matter of law, its motion for summary judgment on Wagner's first cause of action is GRANTED.

C. *As a matter of law, Wagner was not constructively discharged.*

Both parties agree that in order to state a claim for constructive discharge, Wagner must show that his working conditions were so intolerable that a reasonable person in the same circumstances would have felt compelled to resign. *See Nolan v. Cleland,* 686 F.2d 806, 813 (9th Cir.1982); *see also Lojek v. Thomas,* 716 F.2d 675, 681 (9th Cir.1983).

Once again Defendant has submitted portions of Wagner's deposition testimony in support of its motion, and Wagner has failed to submit any materials which would create a genuine factual dispute on this issue. In his deposition, Wagner testified that his allegation of constructive discharge was based entirely on his transfer into another position. Demotion of job level, even when accompanied by reduction in pay, cannot constitute *ipso facto* constructive discharge under California law. *See Bourque v. Powell Electrical Manufacturing Co.,* 617 F.2d 61, 66 (5th Cir.1980) (followed by the Ninth Circuit in *Nolan*); *see also Alicea Rosado v. Garcia Santiago,* 562 F.2d 114, 119 (1st Cir.1977). Further, Wagner testified unambiguously that he decided, at the time the transfer was announced, to continue working for Defendant, to simultaneously look for other employment, and to resign and sue Defendant as soon as other employment was secured. Thus, as Defendant argues, it appears that he decided to resign before any "intolerable" working conditions could have existed. In fact, Wagner testified that once he was working in his new position with Defendant that his pay was "fair for what I was doing," and that his working conditions were "satisfactory." The undisputed fact that he remained in his new position for several months before resigning goes a long way toward destroying his assertion that the transfer created an intolerable situation.

This Court must therefore conclude that on facts which are not in genuine dispute, Wagner was not constructively discharged and cannot state any claim for constructive discharge. Defendant's motion for an order specifying material facts existing without substantial controversy on that issue is therefore GRANTED.

D. *Wagner has attempted overtly to manufacture a cause of action.*

Some other aspects of this case merit comment in light of this Court's holding in *Cox.* As has been stated, Wagner was transferred, for what he believes was a discriminatory reason. Upon learning of that transfer, however, Wagner refrained from filing a grievance or a lawsuit, and instead wrote a memorandum to one of his superiors stating his willingness to work in the new position. He did this in spite of the fact that from the moment he heard of his transfer he had decided to sue his employer. Wagner testified that he wrote the memorandum because "I wanted something to put in my personnel file in case we went to trial.... I had in my mind I was going to, yes, that I was going to leave as soon as possible and sue Calcomp." Wagner then proceeded to continue working in his new position, without filing a grievance of any kind over the transfer. He testified also that he was actively looking for a job during that same period.

If Wagner were allowed to state a claim for constructive wrongful discharge on

these facts, the suggestion would be that any employee who suffered an affront at the hands of his employer could then commence a job hunt, retaining his job if he could not find another and bringing a lawsuit if he could. The Court will not so hold. It must be one or the other right from the beginning. If an employee wishes to claim that an employer's act should be deemed a constructive discharge, he must "put up or shut up." If he wishes to claim that he had no choice but to leave, he must leave when the choice is posed, not after he has afforded himself the chance to avoid the unpleasant consequences of leaving.

Wagner elected to use self-help to avoid the basic dilemma posed by the employment relationship. He did not resign and then go looking for a job. He chose instead to remain in Defendant's employ until he found another job. By doing so he avoided having to look for a job while not having one. Under the reasoning of the alternative grounds stated by this Court in *Cox*, had Wagner in fact been discharged, without significant aggravating circumstances, he would have been entitled to a severance providing for no more than he gained through self-help.

This case is also interesting because Wagner, having given himself time to search for another job without the pressures that would otherwise have been imposed by loss of job and income, apparently was still unable to find a job which would replace the income from the job from which he was demoted. The Court again suggests that courts are in a very poor position to answer the question whether this result proves that Wagner should not have been demoted at all, or whether it proves exactly the opposite.

## III. CONCLUSION

Defendant's motion for summary judgment on Wagner's first cause of action, and for an order specifying material facts existing without substantial controversy, is GRANTED.

So ordered.