**William F. PFEIFER, Plaintiff,**

v.

**UNITED STATES SHOE CORPORATION dba Freeman Shoe Co., and Does 1 through 40, inclusive, Defendants.**

No. CV 86–1593 (CBM).

United States District Court,
C.D. California.

July 27, 1987.

James L. Morris, Rutan & Tucker, Costa Mesa, Cal., for defendants.

Steven R. Kilstofte and Anthony J. Carr, Cayer, Marsh, Kilstofte and Craton, Long Beach, Cal., for plaintiff.

## MEMORANDUM ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

CONSUELO BLAND MARSHALL, District Judge.

This matter is before the Court on a motion by defendant United States Shoe Corporation, dba Freeman Shoe Co., for judgment on the pleadings and for summary judgment. Defendant states at the out-set of its moving papers that it has characterized a portion of its motion as one for judgment on the pleadings rather than for summary judgment because one part of its argument is based on a pure issue of law; that issue is whether the exclusive remedy for the wrong alleged by plaintiff in his complaint is under California's statutory age discrimination statute, Cal.Govt.Code § 12941.

## I. BACKGROUND

In the underlying complaint plaintiff seeks damages based on six causes of action. The causes of action are as follows:

(1) age discrimination in employment, pursuant to the California Fair Employment and Housing Act, Cal.Govt.Code § 12941;

(2) breach of contract;

(3) breach of implied in fact covenant;

(4) breach of covenant implied by law;

(5) tortious breach of covenant of good faith and fair dealing; and

(6) deceit.

The following facts are undisputed:

Plaintiff was employed by defendant United States Shoe continuously from November 1963 to February 28, 1985. Specifically, he was employed by the Freeman division of United States Shoe during his entire tenure of employ with the company. Plaintiff began his employment as manager with Freeman in 1963 as manager of a leased shoe department located in a department store in Chicago. In 1964, he was promoted to District Supervisor of Freeman's leased shoe departments located in department stores in the states of Ohio, Pennsylvania, West Virginia and New York.

In 1966, plaintiff was made District Manager of all Freeman's shoe departments located in leased space Harris & Frank clothing stores in California and Nevada. At that time, plaintiff apparently moved west to begin the new job.

In September 1983, defendant Freeman, acting through its Retail Division President, Brad Evans, asked plaintiff to trans-

**972**

fer from his position as District Manager of the leased shoe departments in Harris & Frank Stores to become Area Manager for a new set of stores to be operated under the Freeman umbrella. These stores, called Brandstand Shoes, were individual retail storefront stores which were to specialize in off-priced retailing.

At the time he was asked to transfer, plaintiff was fifty-four years old and had been employed by Freeman for nineteen years.

Plaintiff agreed to transfer, and did so on January 1, 1984.

The master lease for the Freeman leased shoe departments in Harris & Frank stores expired on January 31, 1987, and was not renewed. Freeman actually closed all its locations in California and Nevada Harris & Frank stores between September 17, 1986 and September 26, 1986 to make room for its replacement shoe department tenant, Clark Shoes. When these leased stores were closed, all Freeman employees employed in the Harris & Frank leased shoe departments were terminated from employment by Freeman. Most of these former Freeman employees were hired by the successor, Clark Shoes.

Brandstand Shoe stores were opened in early 1984. The stores were sold to Pomona Shoe Company in February 1985. Pomona Shoe Company is not affiliated with Freeman or United States Shoes. At the time of the sale, twenty-seven Freeman employees who had been employed in the Brandstand stores were terminated from employment with Freeman, including plaintiff. Plaintiff was the only Brandstand employee who was hired by the successor, Pomona Shoe.

Plaintiff had an excellent employment record prior to his transfer to Brandstand Shoe stores.

## II. DISCUSSION

### A. *Exclusivity of the FEHA*

■ The exclusive remedy for age discrimination under California law is statutory, as provided for in the FEHA, Cal. Gov't.Code §§ 12940 *et seq., Wagner v.*

*Sanders Assoc., Inc.,* 638 F.Supp. 742 (C.D. Cal.1986). Therefore, a common law claim based solely on allegations of age discrimination cannot stand under California law. *Id. Accord, Strauss v. A.L. Randall Co.,* 144 Cal.App.3d 514, 520–21, 194 Cal.Rptr. 520 (1983). These cases dealt with wrongful discharge as the common law cause of action at issue. In those cases (and in others cited by defendants) there was no basis other than age discrimination for the common law cases of action appended to the statutory age discrimination claims.

■ Here, on the other hand, plaintiff is alleging not wrongful discharge based on age discrimination, but breach of contract, breach of implied in fact and implied by law covenants, tortious breach of covenant of good faith and fair dealing and deceit, based on what he alleges to have been representations made to him by Evans on behalf of defendant Freeman that if the Brandstand venture did not work out another position would be found for him within the company and that he was assured of a job until his proper retirement age at sixty-five. Because these claims are not solely dependent on the age discrimination allegation, they are not, as a matter of law, preempted by the age discrimination provisions of the FEHA. In examining the sufficiency of these common law causes of action, the Court must examine them independent of the age discrimination allegations.

### B. *Age discrimination*

Under California law, the statutory provisions of the FEHA prohibit discrimination in employment based on age. Cal.Govt. Code § 12941.

The FEHA has been interpreted by the California Supreme Court to be consistent with the Federal Age Discrimination in Employment Act ("ADEA"), except where the state statutory scheme differs significantly from the federal Act. *DeMinico v. Monarch Wine Co.,* 42 FEP Cases 1342, 1345 (C.D.Cal.1986), citing to *Gay Law Students Assn. v. Pacific Telephone & Telegraph Co.,* 24 Cal.3d 458, 490–91, 156 Cal.Rptr. 14, 595 P.2d 592 (1979).

■ In order to establish a prima facie case under either the Federal ADEA or the California statute, plaintiff must prove by a preponderance of the evidence that (1) he was a member of the protected class, here over age forty; (2) he was performing his job in a satisfactory manner; (3) he was discharged; (4) he was replaced by a substantially younger employee with equal or inferior qualifications, or that other direct or circumstantial evidence concerning his replacement supports an inference of discrimination. *Douglas v. Anderson*, 656 F.2d 528, 531, 532–33 (9th Cir.1981).

■ If a prima facie case is established by plaintiff, a presumption of discrimination is raised, and the burden is thereby shifted to the defendant to produce evidence that plaintiff's termination was for a legitimate, non-discriminatory reason. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). In order to shift the burden of persuasion back to plaintiff, defendant need only present evidence which raises a genuine issue of fact as to whether it discriminated against the plaintiff. *Id.* However, for a directed verdict, the defendant must establish that a jury could not reasonably find that age discrimination was a determining factor in his discharge. *Id.*

■ Courts have held that a firm-wide reduction in force, necessitated by economic conditions, is good cause for dismissal. *Gianaculas v. Trans World Airlines*, 761 F.2d 1391 (9th Cir.1985). Here, there was an absolute reduction in force for the division of Freeman known as Brandstand, as well as the division located in the Harris & Frank stores. Because plaintiff conceded in his deposition that he did not consider his initial transfer to Brandstand to have been motivated by age discrimination, the Court only needs to consider whether the termination itself was violative of the age discrimination statute.

Defendant has presented evidence that there was just cause for the termination of plaintiff—all Brandstand stores were sold to a company not affiliated in any way with defendant; there were no vacancies in any management positions for which plaintiff was qualified anywhere in the company at the time of the Brandstand sale. Although neither party provides evidence concerning who, if anyone, replaced plaintiff as the Harris & Frank locations manager when plaintiff was transferred, defendant has provided uncontroverted evidence that the Harris & Frank locations were all closed by the end of September 1986. For purposes of the age discrimination statute, there was no replacement for plaintiff upon his termination from Brandstand and anyone who replaced him at his prior job could only have been employed in that position for one-year-and-seven-months after plaintiff's termination.

Defendant has established without rebuttal that he has no bumping policy whereby a more senior employee, here plaintiff, can "bump" a less senior employee to take that person's position. Therefore, based on defendant's uncontroverted evidence that there were no open positions at the time of plaintiff's termination, defendant has presented valid evidence of good cause for plaintiff's termination at the time of the Brandstand sale.

Plaintiff has presented no evidence that would indicate that the good cause alleged by defendant was merely pretextual. Aside from that Evans memo, which is inconclusive as to any age prejudice, plaintiff only cited to the proposed testimony of a fellow Freeman employee, Ruth Johnson, whom plaintiff's attorneys have been unable to locate to date. Although plaintiff alleges that Johnson has agreed to testify on his behalf at trial, Johnson has presented no declaration nor has her deposition been taken. Moreover, the proposed testimony of Johnson is made immaterial by the fact that defendant has presented undisputed testamentary evidence, by Evans, that even if Hecker has some prejudice against plaintiff, Hecker had no imput in the decision to close Brandstand or the decision to terminate plaintiff.

Based on the foregoing discussion, summary judgment in favor of defendant on the issue of age discrimination is proper.

### C. *Good Cause as to Counts Two through Five*

■ Plaintiff has attempted, without supporting caselaw, to distinguish that case of complete closure and sale of a division of a corporation from a plant closure, a decision to go out of business or a nationwide reduction in force which served as the bases for "good cause" termination in the various cases cited by defendant. Plaintiff states, without citing caselaw, that the obligations of the prior employer are assumed by the successor employer, including long-term implied contracts. If plaintiff is saying but for defendant's termination of plaintiff the successor, buyer (here, Pomona Shoe) would have been obligated not only to employ plaintiff, but to continue plaintiff's employment until he reached sixty-five and to give him the same employment benefits, including pension and company car, then the Court has found no law to support such a contention. The successor had no obligation, based on the alleged oral contract between plaintiff and defendant, to employ plaintiff. The successor employer did, in fact, employ plaintiff for a period of time after his termination.

Assuming the existence of an implied promise of continued employment based on the conversations between Evans and plaintiff prior to plaintiff's transfer, such an implied promise of continued employment "is only a promise not to terminate the employment without '... *some good reason* ...' or 'a fair and honest cause of reason, regulated by good faith....' ... Courts must take care not to interfere with the legitimate exercise of managerial discretion." *Clutterham v. Coachmen Industries, Inc.*, 169 Cal.App.3d 1223, 1227, 215 Cal.Rptr. 795 (1985).

Plaintiff states repeatedly in its opposition papers that he will present additional evidence at trial. However, because this is a summary judgment motion, Federal Rule of Civil Procedure 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," assuming that party has had adequate time for discovery. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

However, although good cause may have been provided by defendant for the termination following closure of the Brandstand stores, the claim for breach of contract, the second cause of action, is based on allegations that an oral contract existed between plaintiff and defendant such that plaintiff was promised either to be returned to his old position or a comparable position should the venture fail, until he reached the age of sixty-five. Plaintiff has alleged an oral contract other than the underlying employment contract that governed his relationship with defendant during the previous nineteen years of his employment with the company. Based on the allegations of the complaint, it is this separate oral agreement between plaintiff and Evans to which the second cause of action is directed.

Because good cause to terminate does not resolve the issue of whether the alleged oral contract was breached regarding the promise to return plaintiff to his prior or an equivalent position, the Court must address the issue of statute of frauds as to the second cause of action. The third through fifth causes of action are subject to summary judgment based on the foregoing discussion.

### D. *Statute of Frauds*

Cal.Civil Code, § 1622 provides that all contracts may be oral, except those that are specifically required by California statute to be in writing. Cal.Civil Code, § 1624 provides in pertinent part:

> The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
>
> (a) An agreement that by its terms is not to be performed within a year from the making therof.

The California Supreme Court has held that "the statute of frauds does not apply to an employment contract unless its terms provide that the employee cannot complete-

ly perform it within one year from the making of the contract.... The cases hold that section 1624, subdivision 1 [now subdivision a], applies only to those contracts which, by their terms, cannot possibly be performed within one year." *White Lighting Co. v. Wolfson,* 68 Cal.2d 336, 343, 66 Cal.Rptr. 697, 438 P.2d 345 (1968).

Plaintiff alleges in the complaint, in the second cause of action, an agreement by defendant which allegedly contained promises that (1) in the event that the Brandstand venture did not work out, plaintiff would be returned to either his old position or to an equivalent position, and (2) that defendant company would employ him until the age of sixty-five.

■ It is clear that at least as to the first promise, defendants could perform the contract within one year of its making. If, in fact, it is proven at trial that the terms of the alleged oral agreement were merely to return him to his prior position, which was dissolved approximately one-year-and-seven-months after he would have been transferred back, then that goes not to the existence of the contract, but to damages.

In *White Lightning,* the California Supreme Court stated that "[i]f a claimant alleges two or more promises of performance 'that can easily be distinguished and separated by the court by reference to the agreement itself' ..., only that promise of performance which falls clearly within the statute of frauds cannot be enforced." *Id.* at 345, 66 Cal.Rptr. 697, 438 P.2d 345. Here, the promise to transfer plaintiff back to his prior position or to an equivalent position can be separated from the promise to continue his employment until he reached the age of sixty-five. At least as to the first promise, the agreement is not barred by the statute of frauds.

■ As to the second promise, plaintiff has stated that he was promised that his employment would continue until he reached the age of sixty five, approximately eleven years after the alleged agreement was entered into. Defendants have presented evidence of good cause for his termination, but plaintiff apparently contends that the termination constituted a breach despite the essentially undisputed evidence of good cause based on sale of Brandstand shoes. California courts have held that where a contract for "permanent" employment is alleged, and the right to terminate for good cause can be implied, the contract is not barred by the statute of frauds. *Steward v. Mercy Hospital,* 188 Cal.App.3d 1290, 233 Cal.Rptr. 881, 884 (1987). However, here, plaintiff has, by the terms he has alleged or imputed to the agreement to employ him to age sixty-five, precluded the possibility of good faith termination for cause. For this reason, the Court must follow existing authority on point and hold that the alleged oral agreement to employ him to the age of sixty-five is an agreement to employ to a fixed date more than one year in the future, with no possibility for contingencies based on cause, and therefore, is barred by the statute of frauds. *See DeMinico,* 42 FEP Cases at 1348–49 (1985).

### E. *Deceit*

■ Plaintiff's sixth cause of action is for deceit. Plaintiff bases this cause of action on allegations that defendant misrepresented facts and concealed facts from plaintiff and thereby induced plaintiff to transfer from Harris & Frank to Brandstand. However, defendants have presented evidence, by way of portions of plaintiff's deposition (Declaration of James L. Morris in support of defendant's motion for summary judgment, at p. 5) that plaintiff himself has stated that there was nothing wrongful or violative of his rights done by defendant in asking him to transfer to Brandstand.

On the issues of defendant's intent in transferring plaintiff and of defendant's knowledge that the the Brandstand venture would fail, the following evidence has been presented by the parties.

Defendant has provided testimentary evidence, by way of the Declaration of Evans, that the company had high hopes for the success of Brandstand, that the Harris & Frank stores were in evident financial decline, and that the company was motivated

out of concern for plaintiff, based on his years of service and his excellent work record, to find him another place in his current geographic location so that he would not have to be terminated with the demise of the Harris & Frank departments.

Plaintiff presents evidence, by way of his own declaration and that of his wife, that representations were made to him that he did not need to worry about the security of his job upon transfer to Brandstand. At paragraph 7 of his declaration, plaintiff states that he was induced to make the transfer by the promise that he would be restored to his former position in the event that the Brandstand venture was discontinued.

Based on the foregoing, a question of fact still exists as to whether defendant in fact represented to plaintiff that he would be returned to his old job or an equivalent position, whether defendant knew, at the time of the request that plaintiff transfer that in the event that Brandstand failed, there would be no position available at the defendant company for plaintiff, and whether there was some intent on the part of defendant to deceive plaintiff to make the transfer.

Based on the foregoing, the Court orders as follows:

(1) Defendant's motion for judgment on the pleadings (as to the applicability of the exclusivity provisions of the California Age Discrimination statute to this case) is DENIED;

(2) Defendant's motion for summary judgment is GRANTED IN FULL as to Counts One and Three through Five, and GRANTED IN PART as to Count Two; the only issue remaining is the breach of the alleged oral contract to return plaintiff to his prior position or to an equivalent position; and DENIED as to Count Six.

IT IS SO ORDERED.