94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keum Ok LEE, Plaintiff-Appellant,
v.
LOEHMANNS, INC., Defendant-Appellee.
 No. 95-55429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Aug. 22, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Keum Ok Lee appeals the district court's grant of summary judgment in favor of Loehmanns Inc. ("Loehmanns") in Lee's discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and California state law. Lee contends that her discharge from her employment with Loehmanns was the result of racial and age discrimination. We affirm in part and reverse in part and remand for further proceedings.
 
 DISCUSSION
 
 4
 1. A Title VII plaintiff must first meet the burden of demonstrating a prima facie case of discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). A plaintiff may establish the prima facie case either by showing direct evidence of discriminatory intent or by satisfying the four factors of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). See Warren v. City of Carlsbad, 58 F.3d 439, 441-42, 442 n. 1 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996); Lowe v. City of Monrovia, 775 F.2d 998, 1009 (9th Cir.1985), as amended, 784 F.2d 1407 (1986). Lee submitted both direct evidence and evidence intended to satisfy the McDonnell Douglas test.
 
 
 5
 As direct evidence, Lee showed that just prior to allegedly terminating Lee, Perkins had heard racially negative remarks made by Murphy, an assistant manager, and had taken them to heart. Murphy's comment indicated that Koreans were very difficult to convince once they took hold of a position. That had a strong tendency to induce Perkins to think that Koreans cannot be reasoned with and to lead him to simply terminate Lee because she was Korean. Indeed, Perkins admitted that he understood Murphy's comment to mean that "she was letting me know that I wasn't going to get anywhere." It is a reasonable inference that Perkins placed reliance on the assessment of the assistant manager about Koreans and that would also explain his precipitous firing of Lee, even though he had put off the decision before.
 
 
 6
 Lee also established that, under the four-part test of McDonnell Douglas, she has made out a prima facie case for discrimination. Under the McDonnell Douglas standard, a plaintiff may make out a prima facie case by showing that she (1) was a member of a protected class; (2) was performing her job in a satisfactory manner; (3) was discharged; and (4) was replaced by someone of equal or inferior qualifications from a different racial group. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Wallis, 26 F.3d at 891. It is not disputed that Lee satisfies the first and third of these requirements--she is undoubtedly a member of a protected class on the basis of her race, and she was indisputably terminated at some point.
 
 
 7
 Loehmanns contends that Lee was unqualified for her job because she lacked adequate facility with the English language. However, there was a good deal of evidence to show that Lee's language ability did not mark her as unqualified for her job; among other things she worked for Loehmanns for a year and a half without incident.
 
 
 8
 Lee also satisfied the fourth McDonnell Douglas criterion because Loehmanns gave her responsibilities to presently employed white women. The services Lee performed were still needed; they were performed by non-minority women. Therefore, Lee satisfied the fourth McDonnell Douglas factor. See Wallis, 26 F.3d at 891. Because very little evidence is required to establish a prima facie case, we conclude that Lee met that burden.
 
 
 9
 2. Lee submitted evidence to refute Loehmanns' nondiscriminatory reason for her termination. See Wallis, 26 F.3d at 890. Loehmanns asserts that it terminated Lee because she missed the mandatory meeting on Monday, and then missed three consecutive work days. That reason, however, would be pretextual if Loehmanns terminated Lee on Friday. Obviously, her termination could not very well have been predicated on the fact that she missed a meeting and three consecutive work days after she was fired. Lee submitted evidence that, on Friday, Perkins "shouted at me that I was to leave the office, clock out, leave and never return to the employment." There is evidence to the contrary, but that simply demonstrates a conflict. Lee has established a prima facie case of discrimination and made a showing of pretext. The issue "cannot be resolved on summary judgment." Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 10
 3. Lee also claims that the district court erred when it granted summary judgment against her on her state common law claim of wrongful discharge in violation of California's public policy. Under the California Constitution, "[a] person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin." Cal.Const. art. 1, § 8. The California courts have interpreted the California Constitution to have the same objectives as the federal antidiscrimination laws, and have relied upon federal standards to interpret state antidiscrimination requirements. See Mixon v. Fair Employment & Hous. Comm'n, 192 Cal.App.3d 1306, 1316-17, 237 Cal.Rptr. 884, 890 (1987) (FEHA case); cf. Price v. Civil Serv. Comm'n, 26 Cal.3d 257, 262, 604 P.2d 1365, 1367, 161 Cal.Rptr. 475, 477-78 (FEHA case), cert. dismissed, 449 U.S. 811, 101 S.Ct. 57, 66 L.Ed.2d 13 (1980). Thus, just as the summary judgment as to Title VII must fail, so too must the summary judgment as to California's common law to the extent it applies to Lee's race discrimination claim.
 
 
 11
 Lee's age discrimination claim, however, cannot succeed. California has not recognized a common law tort remedy for employment discrimination based on age. See Jennings v. Marralle, 8 Cal.4th 121, 135, 876 P.2d 1074, 1083, 135, 32 Cal.Rptr.2d 275, 284 (1994); Strauss v. A.L. Randall Co., Inc., 144 Cal.App.3d 514, 520, 194 Cal.Rptr. 520, 524 (1983) ("[I]t is clear that there is no 'common law' cause of action for alleged age discrimination.").
 
 
 12
 4. Lee next contends that Loehmanns violated an implied-in-fact contract when it terminated her without good cause. California law provides that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal.Lab.Code § 2922. The presumption that employment is at-will may be superseded by an implied contract that limits the employer's right to discharge the employee. Foley v. Interactive Data Corp., 47 Cal.3d 654, 680, 765 P.2d 373, 387, 254 Cal.Rptr. 211, 225 (1988). A contract will be implied based on evidence of "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment...." Id. at 680, 765 P.2d at 387, 254 Cal.Rptr. at 225. Lee contended that there was an implied contract; however, the evidence that Lee submitted was insufficient to create a triable issue of fact as to the existence of an implied-in-fact contract. See Haycock v. Hughes Aircraft Co., 22 Cal.App.4th 1473, 1490, 28 Cal.Rptr.2d 248, 258 (1994). Lee presented virtually no evidence of any reasonable expectation on her part that she could not be terminated at will, and therefore has not rebutted the presumption that her contract was at will. Because there was not an implied contract, there cannot be a breach of the covenant of good faith and fair dealing. See Foley, 47 Cal.3d at 684, 765 P.2d at 389, 254 Cal.Rptr. at 228.
 
 
 13
 AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.[1] The parties shall bear their own costs on appeal.
 
 
 
 *
 The Honorable Robert R. Merhige, Senior District Judge, United States District Court for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We hasten to add that statements about the facts in this disposition are simply based on the record at summary judgment and are not meant to establish those facts as the law of the case