Pierre **LECAVALIER**, Plaintiff–
Appellant,

v.

**EAGLE–PICHER INDUSTRIES, INC.,** a corporation; Eagle–Picher Minerals, Inc., a corporation; Joseph D. Farfsing, Defendants–Appellees.

No. 01–55109.

D.C. No. CV–00–00162–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided April 26, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER,* District Judge.

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

## MEMORANDUM [**]

Pierre LeCavalier appeals the district court's summary judgment for his former employer, Eagle–Picher Minerals, Inc., and Joseph Farfsing, the company's vice president, in his action arising out of the termination of his employment. He argues that genuine issues of material fact remain with respect to his claims of fraud and deceit, promissory estoppel, negligent misrepresentation, breach of contract and age discrimination.

A grant of summary judgment is reviewed de novo. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether any genuine issues of material fact exist and whether the district court applied the relevant substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

■ LeCavalier argues that he was fraudulently induced to leave secure employment at Moltan Co., his prior employer, for employment with Eagle–Picher based on representations of long-term employment. To establish a claim for fraud, a plaintiff must prove the following elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). There is a dispute over exactly what representations Farfsing made to LeCavalier while recruiting LeCavalier for employment with Eagle–Picher. However, it is not disputed that Farfsing indicated to LeCavalier that Eagle–Picher wanted to hire LeCavalier when Farfsing knew that Carl Berthold, who would be LeCavalier's immediate supervisor, strongly opposed LeCavalier's hiring by the company because he thought LeCavalier was unsuited for the position and, in fact, advocated his own choice for the position. LeCavalier contends that he never would have accepted the position had he known Berthold's true feelings about him. Even though Farfsing was the final decisionmaker in LeCavalier's hiring and termination, Berthold had the task of choosing the one manager to be terminated; without any initial deliberation, he immediately selected LeCavalier. Because Farfsing intentionally concealed Berthold's feelings about LeCavalier, there are material questions of fact whether Farfsing made false representations to LeCavalier and whether LeCavalier was justified in relying upon those representations. The district court erred in granting summary judgment on LeCavalier's fraud and deceit claim.

■ Similarly, the court erred in granting summary judgment on LeCavalier's negligent misrepresentation and promissory estoppel claims. "[W]here a defendant makes false statements, honestly believing them to be true, but without reasonable grounds for such belief, he may be held liable for negligent misrepresentation, a form of deceit." *Cicone v. URS Corp.,* 183 Cal.App.3d 194, 208, 227 Cal.Rptr. 887 (1986). To establish a claim for promissory estoppel, a plaintiff must show a promise, reliance and injury. *See Division of Labor Law Enforcement v. Transpacific Trans. Co.,* 69 Cal.App.3d 268, 275, 137 Cal.Rptr. 855 (1977). As discussed above, there exist genuine issues of material fact whether Farfsing made statements unsupported by reasonable grounds and whether LeCavalier was justified in relying on those representations.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

336

■ LeCavalier alleges age discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12941(a). Even if LeCavalier could establish a prima facie case here, he does not present a triable issue of fact as to whether Eagle–Picher's legitimate, non-discriminatory reason for his termination—a reduction in workforce due to unfavorable business conditions and LeCavalier's quantitatively inferior performance in comparison to the other two managers—was pretextual. LeCavalier cites only stray remarks and information from Berthold's contact report, which contained business and personal information about employees, to support this claim. LeCavalier does not allege that Berthold ever made any age-related comment to him and does not present evidence that ties LeCavalier's age to his termination. *See, e.g., Nidds v. Schindler Elevator Corp.,* 113 F.3d 912 (9th Cir.), *cert. denied,* 522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997). Additionally, the evidence does not establish that any dislike Berthold may have had for LeCavalier was based on age. The district court properly granted summary judgment on LeCavalier's age discrimination claim.

■ Finally, LeCavalier appeals the district court's summary judgment for Eagle–Picher on his breach of contract claim alleging that his payment of legal fees in the suit against Moltan constituted consideration for his position and, therefore, that he could not be terminated except for cause. "A contract of employment can be terminated only for good cause if ... the contract was supported by consideration independent of the services to be performed by the employee." *Strauss v. A.L. Randall Co., Inc.,* 144 Cal.App.3d 514, 517, 194 Cal.Rptr. 520 (1983). However, LeCavalier did not pay any money to Eagle–Picher and Eagle–Picher did not receive a promise from LeCavalier in exchange for any payment. Furthermore, even if LeCavalier could show that there is a triable issue on the consideration exception, his claim still would fail because he cannot establish that he was fired for no good cause. Eagle–Picher notes that LeCavalier generated less new business and sales than his two peers, some of LeCavalier's sales practices were questionable and several of LeCavalier's customers complained about his failure to return their calls. Eagle–Picher had sufficient cause to terminate LeCavalier. The district court properly granted summary judgment for Eagle–Picher on LeCavalier's breach of contract claim.

AFFIRMED in part, REVERSED in part and REMANDED. Costs on appeal to appellant.