903 F.2d 709
 52 Fair Empl.Prac.Cas. 1729,
53 Empl. Prac. Dec. P 39,952,
12 Employee Benefits Ca 1794
Shizuko NISHIMOTO, Plaintiff-Appellant,
v.
FEDERMAN-BACHRACH & ASSOCIATES; Walter Federman & Company;
Albert G. Ruben & Company, Inc., a Corporation;
Richard A. Sierra, Defendants-Appellees.
 No. 88-6338.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 10, 1989.
Decided May 17, 1990.
 
 Lee W. Landrum, Carlsbad, Cal., for plaintiff-appellant.
 Ralph S. LaMontagne, Jr. and John T. McDowell, Bronson, Bronson & McKinnon, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before FLETCHER and NELSON, Circuit Judges, and CARROLL,* District Judge.
 NELSON, Circuit Judge:
 
 
 1
 Shizuko Nishimoto filed this action against her former employers and a former supervisor, alleging that she had been fired for two unlawful reasons: her age and the defendants' desire to deprive her of pension benefits. The action was filed in state court and was later removed to federal court. Nishimoto appeals from the district court's refusal to remand parts of the case to state court, and from the court's entry of summary judgment in favor of the defendants on all claims over which it exercised jurisdiction. We affirm.
 
 I. BACKGROUND
 
 2
 Nishimoto was originally employed as a commercial insurance underwriter for Walter Federman & Company. During her employment with that firm, she participated in its pension plan. Walter Federman & Co. then became Federman-Bachrach & Associates, which was later bought out by Ruben & Co. In July 1987, Richard Sierra discharged Nishimoto from her underwriting job with Ruben & Co., shortly before "new" pension and health plans with better benefits were to become effective for Ruben & Co. employees.
 
 
 3
 In September 1987, Nishimoto filed a complaint in state court against Ruben & Co., Walter Federman & Co., Federman-Bachrach & Associates, and Sierra. She alleged state law claims for breach of contract, wrongful discharge, failure to pay for accrued vacation leave, and intentional tort, and stated she was terminated in part because the defendants wanted to prevent her from acquiring a "full 100% vested interest" in a retirement pension benefit plan. She did not specify whether she was referring to the "old" Walter Federman plan, or the "new" Ruben & Co. plan, but indicated she had participated in the plan since 1985.
 
 
 4
 Even though Walter Federman & Co. had long since ceased to exist, the Walter Federman pension plan was not terminated until December 30, 1987, and, despite her firing, Nishimoto remained a participant in the "old" plan until that date.[1]
 
 
 5
 The defendants removed Nishimoto's suit to federal court, claiming that her allegation that she was fired to prevent her pension from vesting was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461. In response, Nishimoto filed a motion to remand the action to state court. The district court determined that the preemption issue was "squarely covered" by this court's decision in Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir.1987), and denied the remand motion. Nishimoto did not seek an interlocutory appeal from the denial.
 
 
 6
 The parties participated in discovery. In her deposition, Nishimoto indicated that in February 1988 she received a lump-sum payment covering all the benefits she was due under the "old" Walter Federman plan, and that she had no remaining claims against that plan. Rather, she asserted she was fired because of her age[2] and to prevent her participation in the "new" Ruben plan.
 
 
 7
 Defendants filed a motion for summary judgment or, in the alternative, summary adjudication of issues. Nishimoto's opposition to this motion asserted that triable issues of fact remained as to whether she was discharged because of her age. The district court filed an order on June 21, 1988 granting summary judgment in favor of Sierra on all claims and in favor of the remaining defendants on Nishimoto's breach of contract, wrongful discharge and intentional tort claims.
 
 
 8
 Thereafter, the parties lodged a stipulation providing that Nishimoto's only remaining claims were for termination in violation of ERISA and failure to pay accrued vacation pay. The document further stipulated that Nishimoto did not intend to pursue these claims in federal court and requested that the court allow her to "delete" them from her complaint and remand the matter to state court.
 
 
 9
 On July 28, 1988, the district court filed findings of fact and conclusions of law in support of its previous order. The court reiterated its grant of summary judgment, allowed Nishimoto to withdraw her ERISA claim, and remanded her vacation pay claim to state court. Nishimoto timely appeals.
 
 II. STANDARD OF REVIEW
 
 10
 Removal is a question of federal subject matter jurisdiction, reviewable de novo. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir.1988).[3]
 
 
 11
 The district court's decision whether to adjudicate pendent state claims following final disposition of all federal claims is reviewed for abuse of discretion. See Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 771 (9th Cir.1986); Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 n. 3 (9th Cir.1980); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 
 12
 A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 III. DISCUSSION
 
 13
 Nishimoto urges three grounds for reversing the district court's decision to adjudicate most of her claims rather than remanding them to state court. She also contends that the district court erred in granting summary judgment on those claims.
 
 A. Refusal to Remand at Outset
 1. Existence of ERISA Claim
 
 14
 Nishimoto's first argument is that her original complaint did not state a claim under ERISA. Therefore, she claims, the case was improvidently removed and the district court erred in denying her very first motion to remand. Our consideration of such an argument at this late juncture is limited.
 
 
 15
 [W]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.
 
 
 16
 Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); Sorosky v. Burroughs Corp., 826 F.2d 794, 798 (9th Cir.1987).[4] Although a litigant may "object" to removal by moving to remand the action to state court, this objection is not preserved unless an interlocutory appeal is filed challenging the district court's order denying remand. Sorosky, 826 F.2d at 798-99.
 
 
 17
 Here, although Nishimoto moved to remand her action to state court, she failed to seek an interlocutory appeal following denial of the motion.[5] Thus, we need only determine whether the district court would have had jurisdiction had this action been originally filed in that court.
 
 
 18
 Civil claims preempted by ERISA and redressable under 29 U.S.C. Sec. 1132(a) provide federal question jurisdiction because Congress has "so completely" preempted this area "that any civil complaint raising [section 1132(a) ] claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546-1547, 95 L.Ed.2d 55 (1987).
 
 
 19
 ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. Sec. 1144(a).[6] The phrase "State laws" includes state common law causes of action. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir.1988). The words "relate to" were intended by Congress to be interpreted broadly. Pilot Life, 481 U.S. at 47, 107 S.Ct. at 1553. Causes of action "relate to" an employee benefit plan if they "arise out of the administration of a covered plan," id., or if they have "a connection with or reference to such a plan." Shaw v. Delta Air Lines, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).[7]
 
 
 20
 Nishimoto's complaint included four claims for relief. In her second claim, for wrongful discharge, she alleged that her discharge was
 
 
 21
 an attempt to prevent the plaintiff from acquiring a full 100% vested interest in and to the retirement and pension plan of the defendants, as well as maintaining the required seniority to take advantage of the insurance benefits including medical and life insurance provided through the benefit program and pension program of the defendants.
 
 
 22
 In substance, Nishimoto alleges that she was fired to prevent her from receiving pension and insurance benefits. This claim refers to, and is connected with, an ERISA-covered plan, and is therefore preempted by ERISA. See Sorosky, 826 F.2d at 800.[8]
 
 
 23
 ERISA confers on all plan participants a right to noninterference with benefits,[9] and authorizes civil actions to redress violations.[10] Federal district courts have exclusive jurisdiction over these actions. 29 U.S.C. Sec. 1132(e)(1).[11] Further, a district court may exercise pendent jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the ERISA claim. See Sorosky, 826 F.2d at 800-01; see also United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Because Nishimoto's state law claims derive from the same nucleus of operative fact as the ERISA claim--her dismissal by Ruben & Co.--they are pendent to her ERISA claim. Accordingly, the district court would have had jurisdiction over all of Nishimoto's claims had they been filed originally in the district court; this is the full extent of our inquiry into Nishimoto's contention that she was entitled to remand. See Grubbs, 405 U.S. at 702, 92 S.Ct. at 1347.
 
 2. Status as Participant
 
 24
 Nishimoto next claims that she was not a "participant" as defined in 29 U.S.C. section 1002(7), and hence lacked standing under ERISA. If this were true, then Nishimoto's complaint would not have stated a federal claim, and the district court would have erred by neither granting Nishimoto's remand motion nor remanding sua sponte under 28 U.S.C. Sec. 1447(c).[12]
 
 
 25
 ERISA permits a "participant" to bring a civil action against a plan administrator. 29 U.S.C. Sec. 1132(a)(3). ERISA defines a "participant" as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. Sec. 1002(7). However, former employees whose vested benefits under a plan have already been distributed in a lump sum at the time they file suit are not "participants" within the meaning of section 1002(7). Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir.), cert. denied, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). Nishimoto, relying on Kuntz, argues that because she received all the benefits she was due under the Walter Federman plan in a lump sum payment, she was not a participant in that plan.[13] We disagree.
 
 
 26
 At the time she filed suit, Nishimoto was a participant in the Walter Federman plan within the meaning of section 1002(7). She was a former employee who was eligible to receive benefits from the plan. Indeed, she received these benefits, in the lump sum payment that was distributed to her some six months after she filed suit. We find this timing to be critical.
 
 
 27
 Because the Kuntz plaintiffs had received all the benefits they were due under the plan before they filed suit, we noted that they were not "eligible to receive a benefit." Kuntz, 785 F.2d at 1411 (quoting 29 U.S.C. Sec. 1002(7)). If successful in their action, the Kuntz plaintiffs would have received damages, not benefits from the plan. Id. In contrast, Nishimoto had not received any benefits at the time she filed suit, and thus, if successful, could have recovered those benefits from the plan.[14]
 
 
 28
 That Nishimoto "settled" this claim by accepting a lump sum payment during the course of litigation does not alter our analysis. Her receipt of all the benefits she was due under the plan indicates only that the ERISA claim might have become subject to dismissal at that point. Such dismissal would not have prejudiced Nishimoto's state law claims, see Kuntz, 785 F.2d at 1412, nor would it have divested the district court of jurisdiction of the pendent state claims. See Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 771 (9th Cir.1986) ("Dismissal of [a] federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims."). The district court was not required to remand her action under 28 U.S.C. Sec. 1447(c).
 
 B. Refusal to Remand at Conclusion
 
 29
 Nishimoto next contends that the district court abused its discretion when it failed to remand her entire action to state court following her stipulation that she would not pursue her ERISA claim in federal court.[15] This contention is meritless.
 
 
 30
 Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state claims. Bright, 780 F.2d at 771. Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the remaining pendent state claims. Id. However, "pendent jurisdiction is a doctrine of discretion," United Mine Workers, 383 U.S. at 726, 86 S.Ct. at 1139, and there is a distinction between the power to hear state law claims and the discretionary exercise of that power. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349-50, 108 S.Ct. 614, 618-19, 98 L.Ed.2d 720 (1988). In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity...." Id. In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims. Id. at 350 n. 7, 108 S.Ct. at 619 n. 7. This, however, is not a mandatory rule to be applied inflexibly in all cases. Id.
 
 
 31
 The district court had pendent jurisdiction over Nishimoto's state law claims because they arose out of the same facts as those which form the basis of her ERISA claim: the defendants' decision to fire her. The district court decided three of these pendent claims on summary judgment before Nishimoto filed her stipulation to dismiss the ERISA claim.[16] In the interest of judicial economy, it was appropriate for the district court to decide these pendent claims. See Bright, 780 F.2d at 771. Moreover, it was no abuse of discretion for the district court to refuse to remand these claims after it had already decided them. Id.
 
 C. Grant of Summary Judgment
 
 32
 Nishimoto contends that the district court erred in granting summary judgment to the defendants on her pendent state claims.
 
 
 33
 We review de novo the district court's order granting summary judgment to determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Sorosky, 826 F.2d at 798 (quoting Fed.R.Civ.P. 56(c)). "An issue is 'genuine' if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted.' " Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986)).
 
 
 34
 The district court made detailed findings of fact and conclusions of law in support of its summary judgment ruling. The court found the following facts: Nishimoto did not have a written employment contract, and the defendants never promised she would be terminated only for good cause; Nishimoto failed to establish any implied agreement to terminate her only for good cause, and was at all times an at will employee pursuant to Cal. Labor Code section 2922; in any event, she was terminated for good cause "pursuant to her employer's change of business focus, and resultant reorganization and reduction in force." The district court also ruled that defendant Richard Sierra had no liability on any of Nishimoto's claims.
 
 
 35
 Nishimoto challenges neither the findings regarding Sierra, nor the finding that there was no express or implied agreement to terminate her only for good cause. The only remaining contested issue of fact is whether the defendants discharged her in bad faith in violation of their obligation of good faith and fair dealing. Nishimoto predicates this claim on an allegation that she was discharged due to her age.[17]
 
 
 36
 There is no common law cause of action for age discrimination in California; the exclusive remedy for wrongful termination based on age is California's Fair Employment and Housing Act (FEHA). Strauss v. A.L. Randall Co., 144 Cal.App.3d 514, 520-21, 194 Cal.Rptr. 520 (1983) (citing Gay Law Students Ass'n v. Pacific Tel. & Tel. Co., 24 Cal.3d 458, 490, 595 P.2d 592, 156 Cal.Rptr. 14 (1979));[18] see also Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1327 (9th Cir.1987). Not only did Nishimoto fail to plead a cause of action under the FEHA, she failed to exhaust the required state administrative remedies by filing an FEHA complaint before instituting a court action.
 
 
 37
 Nishimoto's failure to exhaust her state administrative remedies means that no court would have had jurisdiction to decide a claim based on age discrimination. See Bennett v. Borden, Inc., 56 Cal.App.3d 706, 709-10, 128 Cal.Rptr. 627 (1976) (defendant's summary judgment affirmed where plaintiff failed to file administrative complaint before bringing civil action alleging age discrimination in employment, because "[e]xhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts"); see also Carter v. Smith Food King, 765 F.2d 916, 921-22 (1985) (plaintiff's failure to name union in FEHA complaint "is a jurisdictional bar to the maintenance of a civil action" for age discrimination in violation of FEHA).
 
 
 38
 Although Nishimoto conceded at oral argument that "ordinarily" she would be required to file an FEHA complaint, she argued she was not required to here because she was only using the age discrimination claim to establish a breach of the covenant of good faith and fair dealing. This argument is meritless. The essence of Nishimoto's claim is her allegation that the defendants discharged her on account of her age. Therefore, she was required to pursue her FEHA remedies as a jurisdictional prerequisite to maintaining her breach of covenant claim in this action. See Wagner v. Sanders Assocs., Inc., 638 F.Supp. 742, 744 (C.D.Cal.1986) (plaintiff's claim of constructive wrongful termination in violation of good faith covenant was preempted by FEHA where plaintiff stated in deposition he was demoted because of age and no other reason); Real v. Continental Group, Inc., 627 F.Supp. 434, 445 (N.D.Cal.1986) (FEHA preemption where plaintiff's common law contract and good faith claims were grounded on his age discrimination allegation); cf. Pfeifer v. United States Shoe Corp., 676 F.Supp. 969, 972 (C.D.Cal.1987) (no FEHA preemption where plaintiff's breach of contract, good faith and deceit claims were not based solely on age discrimination).
 
 
 39
 Because the district court lacked jurisdiction over any claim resting on allegations of age discrimination, and because the pendent state claims were based entirely on such allegations, summary judgment was properly granted to the defendants on these claims.
 
 
 40
 AFFIRMED.
 
 
 
 *
 Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 In their supplemental brief, appellees discuss a third plan which allegedly was in place when the company was called Federman-Bachrach. We find no evidence in the record to document the existence of a third plan. However, its existence is irrelevant to our analysis
 
 
 [2]
 Nishimoto was 63 years old at the time she was fired
 
 
 [3]
 The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Emrich, 846 F.2d at 1195
 
 
 [4]
 This rule applies when the merits are reached and determined on a motion for summary judgment. Sorosky, 826 F.2d at 798 (citing Stone v. Stone, 632 F.2d 740, 742 (9th Cir.1980)), cert. denied, 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981))
 
 
 [5]
 We reject Nishimoto's contention that because the district court remanded her vacation pay claim to state court, the instant appeal is "perhaps of an interlocutory nature," and she has therefore preserved her objection to the first order denying remand. The district court's order filed June 21, 1988, as supplemented by the findings of fact and conclusions of law filed July 28, 1988, was a final order. This is not an interlocutory appeal
 
 
 [6]
 It is uncontested that the plans at issue here are employee benefit plans as defined in 29 U.S.C. Sec. 1002
 
 
 [7]
 ERISA is not preemptive, however, "when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." Ethridge, 861 F.2d at 1405 (quoting Rose v. Intelogic Trace, Inc., 652 F.Supp. 1328, 1330 (W.D.Tex.1987))
 
 
 [8]
 Because this allegation alone provided the district court with federal question jurisdiction, we need not decide whether Nishimoto's other wrongful discharge theories, or the other three claims in her complaint, were themselves preempted by ERISA
 
 
 [9]
 29 U.S.C. section 1140 provides in part:
 It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this subchapter.... The provisions of [29 U.S.C. section 1132] shall be applicable in the enforcement of this section.
 
 
 [10]
 Under 29 U.S.C. section 1132,
 A civil action may be brought ...
 ....
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
 
 
 [11]
 Nishimoto's action was filed in state court after the effective date of 28 U.S.C. Sec. 1441(e), which abolished the doctrine of derivative jurisdiction. Her argument that the district court could not exercise removal jurisdiction because state courts lack jurisdiction over ERISA claims is based on the old removal statute and is therefore unfounded. Cf. Sorosky, 826 F.2d at 801
 
 
 [12]
 The version of section 1447(c) applicable here stated in part: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. Sec. 1447(c), before amendment by Pub.L. 100-702, 102 Stat. 4670 (Nov. 19, 1988)
 
 
 [13]
 At oral argument, Nishimoto also stated that the benefit plan she discussed in her complaint was not the Walter Federman plan but the Ruben plan. We find this averment disingenuous. The complaint refers to "the pension and retirement plan in effect at the time of her discharge on July 24, 1987" and states "[p]laintiff had opted to join and participate in said pension plan on December 18, 1985." The only pension plan Nishimoto could have participated in from 1985 until her dismissal was the Walter Federman plan
 
 
 [14]
 Because we find Nishimoto was a participant in the Walter Federman plan, and therefore had ERISA standing, we need not decide whether she was a participant in the Ruben plan
 
 
 [15]
 Neither party challenges the district court's decision to remand Nishimoto's state claim for failure to pay vacation pay
 
 
 [16]
 The district court remanded Nishimoto's fourth claim, for vacation pay, following the stipulated dismissal of the ERISA claim
 
 
 [17]
 Nishimoto's complaint contained allegations of race discrimination and nepotism. She abandoned the race claim in district court and does not contend on appeal that she was terminated as a result of nepotism
 
 
 [18]
 [T]he prohibitions on employment discrimination contained in the FEPA [the California Fair Employment Practice Act, recodified in 1980 as part of the FEHA] are in no sense declaratory of preexisting common law doctrine but rather include areas and subject matters of legislative innovation, creating new limitations on an employer's right to hire, promote or discharge its employees
 Gay Law Students Ass'n, 24 Cal.3d at 490, 156 Cal.Rptr. 14, 595 P.2d 592.