67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zenaida WALTERS, Plaintiff-Appellant,
v.
"A" COMPANY, INC., a Johnson & Johnson Company; Cheryl E.
Loving; and Does 1 Through 30, inclusive,
Defendants-Appellees.
 No. 93-55452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Sept. 28, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant, Zenaida Walters, filed common law claims and a statutory claim pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal.Gov't Code Secs. 12920-12996, in California Superior Court, seeking compensatory and punitive damages for wrongful termination from her employment with Appellee, "A" Company ("Company"), based on discrimination because of a work-related physical disability. Company removed the case to federal court, and the district court accepted removal jurisdiction based on federal law preemption of an artfully pleaded state law complaint that, in reality, raised a federal question under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001 et seq. The district court granted Company's motion to dismiss for failure to state a claim because the ERISA statute of limitations had run. The court dismissed any remaining claims without prejudice, ruling that California's workers' compensation provisions, Cal.Labor Code Secs. 132(a) and 3600-3602, provide the exclusive state-law remedy for discrimination by an employer because of a work-related injury. Walters appeals the removal, denial of remand, and dismissal rulings. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. ERISA Removal and Preemption
 
 4
 This court reviews de novo the removal of a case from state to federal court. Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir.1991).
 
 
 5
 It is clear that Company's employee benefit plan falls within the scope of ERISA. ERISA provides that discharge or discrimination for the purpose of interfering with the exercise or attainment of ERISA rights shall be unlawful and creates a federal cause of action for employee claims to recover benefits, to enforce or clarify rights, or to redress violations under an ERISA plan. 29 U.S.C. Secs. 1132(a)(1)(B), 1132(a)(3), 1140. Although Walters alleges common law and FEHA claims and does not purport to state a claim under ERISA, numerous statements in the complaint reveal that Company's alleged failure to provide timely or adequate disability coverage for Walters' work-related injury is the gravamen of these claims.[1] ERISA completely preempts these state wrongful discharge actions that are premised on employer interference with the attainment of rights under employee benefit plans. See, e.g., Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-55 (1987); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir.1988). Walters may not resort to "artful pleading" to avoid federal jurisdiction. Clorox Co. v. United States District Court, 779 F.2d 517, 521 (9th Cir.1985); see also Tingley v. Pixley-Richards West, Inc., 953 F.2d 1124, 1130-31 (9th Cir.1992). The circumstances here are substantially similar to those in Felton v. Unisource Corp., 940 F.2d 503 (9th Cir.1991), in which the court found that ERISA preemption provided federal question jurisdiction for removal because both the wrongful termination claim and the statutory handicap discrimination claim alleged the elements of an ERISA claim for retaliatory discharge. Id. at 509-10. Walters' claim does not come within the Felton exception for a "loss of benefits [that is] an incidental result of termination," because the complaint clearly claims "that the motivating factor behind her termination was the defendant's attempt to evade benefit payments." Id. at 510; see also Dean v. Jet Services West, Inc., 782 F.Supp. 498, 500 (S.D.Cal.1991). Unlike the plaintiffs in Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404-05 (9th Cir.1988) or Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 972, 975 (9th Cir.1993) (finding that the "mere simulacrum of a possible unasserted ERISA claim was insufficient to form a basis for federal jurisdiction" when the "whole case [was] truly based on claims that were not preempted"), Walters alleges that she deserved but did not receive disability benefits because of a company policy against allowing disability leave, that she was then fired for claiming her right to those benefits, and that she was thus deprived of additional retirement benefits. Therefore, we hold that Walters' claims for wrongful discharge, breach of covenant, and fraud are completely preempted by ERISA because they are based on the wrongful denial of disability and retirement benefits, and thus the district court did not err in finding that ERISA preemption provides removal jurisdiction.
 
 II. Denial of Remand
 
 6
 The panel reviews for abuse of discretion the district court's decision to adjudicate pendent state claims following final disposition of all federal claims. Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 (9th Cir.1990). The district court had supplemental jurisdiction over state law claims arising from the same nucleus of operative facts that provided the basis for the ERISA claim. Nishimoto, 903 F.2d at 714. Because Walters' state law claims are pendent to the ERISA claim, the district court had jurisdiction over them and did not abuse its discretion in denying Walters' motion to remand.
 
 III. Workers' Compensation Exclusivity
 
 7
 The panel reviews de novo dismissal of an action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992).
 
 
 8
 Walters challenges the district court determination that California workers' compensation provisions provide the exclusive remedy and thus bar any remaining claims for disability discrimination and for intentional and negligent infliction of emotional distress. These claims are without merit. We recently held that workers' compensation continues to provide the exclusive remedy for discrimination because of work-related injuries. See Jimeno v. Mobil Oil Corp., No. 93-55768, 93-55850, Slip Op. No. ________ (1994). Jimeno is dispositive in this case, because Walters concedes that her purported disability is work-related. Similarly, the California Supreme Court has recently reiterated that the proper inquiry to determine whether workers' compensation remedies bar common law claims for emotional distress is whether the misconduct constituted a "normal part of the employment relationship." Livitsanos v. Superior Court, 828 P.2d 1195, 1200 (Cal.1992); see also Cole v. Fair Oaks Fire Protection Dist., 233 Cal.Rptr. 308, 315 (Cal.1987). Because Walters' complaint asserts the kind of emotional distress that is a normal concomitant of tension in the employer-employee relationship, we affirm the district court's ruling that workers' compensation provides Walters' exclusive remedy.
 
 CONCLUSION
 
 9
 We hold that the district court appropriately accepted removal jurisdiction pursuant to ERISA. Because Walters' claims for wrongful termination, breach of an implied covenant of good faith and fair dealing, and fraud and deceit were essentially artfully pleaded ERISA claims for retaliatory treatment and for discharge for the purpose of interfering with the exercise or attainment of ERISA rights, the district court appropriately dismissed those claims as time-barred by the ERISA statute of limitations. We also hold that the district court did not abuse its discretion in denying remand, and that it correctly found that California's workers' compensation provisions provide Walters' exclusive remedy for any remaining claims. We accordingly affirm.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, Walters' breach of contract claim emphasizes her understanding that Company "would not unreasonably ... attempt to prevent plaintiff from receiving unemployment benefits to which she was entitled," Complaint at 5, and claims that Company failed to carry out its responsibilities by refusing to place her on disability, by threatening that she would not be eligible for disability if she did not work, and by wrongfully terminating her just prior to the vesting of her retirement benefits, Complaint at 6-8. Walters' FEHA claim asserts that Company acted with malice or fraud in refusing to allow disability leave and ultimately terminating her because she refused to work. Complaint at 11. Walters' claim for intentional infliction of emotional distress implies that Company's refusal to honor disability leave certificates and her assignment to unsatisfactory modified duty positions were pretexts whereby her termination might be justified, in accord with Company's alleged policy of avoiding disability payments. Complaint at 11-12