**Jerry E. MATHERLY, Petitioner,**

v.

**LAS VEGAS VALLEY WATER DISTRICT, Respondent.**

No. CV–S–96–24.

United States District Court,
D. Nevada.

June 3, 1996.

Richard Segerblom, Las Vegas, NV, E.M. Gunderson, Las Vegas, NV, for petitioner.

Gregory E. Smith, Malani L. Kotchka, Las Vegas, NV, for respondent.

## ORDER

PRO, District Judge.

Before the Court is the Motion to Remand to State Court (# 7) and accompanying Memorandum of Points and Authorities in Support of Motion to Remand to State Court (# 8), filed by Petitioner Jerry E. Matherly ("Matherly") on February 7, 1996. Respondent the Las Vegas Valley Water District (the "Water District") filed its Opposition to Motion to Remand to State Court (# 17) on February 28, 1996. Matherly filed his Reply (# 22) on April 9, 1996.

Also before the Court is a document styled "Supplemental Opposition to Motion to Remand to State Court" (# 23) filed by Respondent the Water District on April 12, 1996. Petitioner Matherly filed his Notice of Intent to Challenge Respondent's Fugitive Supplemental Opposition to Motion to Remand to State Court (# 24) on April 15, 1996. Matherly further filed his Reply to Respondent's Purported Supplemental Opposition to Motion to Remand to State Court (# 25) on April 26, 1996.

## I. Background

Jerry E. Matherly ("Matherly") was employed as a Risk Manager for the Las Vegas Valley Water District (the "Water District"). As a Risk Manager, Matherly had supervisory responsibilities over insurance matters and claims by and against the Water District. He alleges that in August 1994, a decision was made to terminate him due to statements he allegedly made. The Water District summarily suspended Matherly on August 29, 1994, and later scheduled a pre-termination hearing regarding the matter for September 26, 1994. The officer presiding over the hearing issued a letter-decision dated December 13, 1994 terminating Matherly on December 16, 1994. Matherly then requested a post-termination *de novo* review of the termination decision. The hearing officer for the post-termination hearing issued a decision dated November 6, 1995, finding that the Water District terminated Matherly for just cause.

Matherly filed his original Petition for Judicial Review, and Alternatively, for a Writ of Mandamus (# 1) in Nevada state court on December 8, 1995. Matherly named as the sole Respondent the Las Vegas Valley Water District ("Water District"), and alleged that the Water District acted arbitrarily and capriciously in rendering its decision, by violating Matherly's rights to due process.

On January 8, 1996, the Water District filed its Notice of Removal (# 1), asserting the Court's jurisdiction under 28 U.S.C. § 1331. On February 7, 1996, Matherly filed his Motion to Remand (# 7).

## II. Removal

■ Under 28 U.S.C. § 1441, a Defendant may remove an action to federal court only if it could have been brought in that forum originally. 28 U.S.C. § 1441(b); *Felton v. Unisource Corp.*, 940 F.2d 503, 506 (9th Cir.1991); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 641 (9th Cir.1989). The Water District, in its Notice of Removal (# 1), asserted that the Court had federal question jurisdiction under 28 U.S.C. § 1331. As the Supreme Court explains, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under this rule, federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's Complaint. *Id.* The well-pleaded complaint rule allows the Plaintiff to disregard the federal cause of action, and thus avoid removal, simply by relying exclusively on a state law claim. *Felton*, 940 F.2d at 506 (quoting *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988)); *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir.1990); *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir.1984), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). As a result, a Defendant cannot remove a complaint from state court to federal court unless it could have been filed originally in federal court. 28 U.S.C. § 1441; *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180 (9th Cir.1989) (citing *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429).

■ The Defendant has the burden to establish that removal is proper. *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir.1994); *Nishimoto v. Federman–Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir.1990). Indeed, all doubts should be resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see*

*Nishimoto*, 903 F.2d at 712 n. 3 (removal statute is strictly construed against removal jurisdiction).

■ In evaluating a claim of removal, the Court must analyze the record at the time the petition for removal is filed "to determine if federal jurisdiction could be invoked." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983). If a Plaintiff fails to assert a federal claim, the Defendant cannot remove the action. *See generally* 28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429.

The Water District contends that Matherly has asserted various federal constitutional questions in his Petition which constitute "substantial" federal questions for the Court's consideration. The Water District further contends that Matherly's Petition could have been brought as a civil rights claim under 42 U.S.C. § 1983, and that this Court properly has jurisdiction of the action.

Matherly responds that in his Petition filed with the Nevada state court, he was invoking the judicial review provisions of the Nevada Administrative Procedure Act ("Nevada APA") so that the Nevada state court could review the decision by the Water District to terminate him. As a result, Matherly argues, the Court does not properly have federal question jurisdiction over this matter.

### A. Nevada APA

The Nevada APA provides that a party who is "aggrieved by a final decision" of an agency in a "contested case" may seek judicial review of that decision by filing a petition in the district court in the "county in which the aggrieved party resides" or in the "county where the agency proceeding occurred." Nev.Rev.Stats. § 233B.130(1) & (2). This is the "exclusive" means of judicial review. Nev.Rev.Stats. § 233B.130(6).

The Nevada APA further provides that a reviewing court "may remand or affirm the final decision or set it aside in whole or in part." Nev.Rev.Stats. § 233B.135(3). This remedy is available if the substantial rights of the petitioner were prejudiced because the final decision of the agency is:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;

(f) Arbitrary or capricious or characterized by abuse of discretion.

Nev.Rev.Stats. § 233B.135(3)(a)–(f).

## B. Discussion

■ The Petition filed with the Nevada state court alleges that Matherly was wrongfully terminated from his position at the Water District. It is styled as a "Petition" as required under Nev.Rev.Stats. § 233B.130. It chronicles the proceedings that led to Matherly's termination, and alleges various circumstances around the proceedings, including the Water District's failure to follow internal procedures and the failure to follow Nevada law, that prejudiced Matherly. Furthermore, it contains allegations that Matherly's termination constituted a "final decision in a contested case" for which he is entitled to judicial review, and it contains allegations that the actions of the Water District, as a state agency, were "arbitrary and capricious."

■ Matherly does make references to protections under the federal Constitution in his Petition. He claims that in the course of the proceedings against him by the Water District, he was deprived of his procedural and substantive due process rights, and his First Amendment rights. This is entirely consonant with the Nevada APA: to receive relief from a reviewing court under the judicial review provisions, a petitioner may show that the final decision was "in violation of constitutional ... provisions." Nev.Rev. Stats. § 233B.135(3)(a). Matherly does not

state a cause of action based upon 42 U.S.C. § 1983 (civil rights), 29 U.S.C. § 621 (Age Discrimination in Employment Act), or 42 U.S.C. § 2000e–2 (Title VII).[1] While the same facts could have been the basis for a federal claim, that alone does not make Matherly's Petition for review under the Nevada APA into a federal cause of action.[2] *Felton,* 940 F.2d at 506; *Redwood Theatres,* 908 F.2d at 479; *Garibaldi,* 726 F.2d at 1370.

■ Nonetheless, as Professors Charles Wright, Arthur R. Miller and Edward H. Cooper explain, "[a]n appeal to a state court from an administrative agency may be in the form of a civil action and therefore be removable." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3721 (2d ed.1985). There are several cases, cited by Matherly, in which federal courts have analyzed "complaints" attempting to invoke state law administrative review provisions. These cases indicate that when an appeal is taken from an agency determination (or when a proceeding in mandamus is instituted) in order to try a case *de novo* in state court, a state action is then pending within the meaning of the removal statutes. *See, e.g., Santa Margarita Mut. Water Co. v. State Water Rights Bd. of California,* 165 F.Supp. 870, 873 (S.D.Cal.1958); *City of Terre Haute v. Evansville & T.H.R. Co.,* 106 F. 545, 548 (C.C.D.Ind.1901).

■ However, Matherly asserts that when an appeal is taken from an agency determination that affords only limited review of the specialized judgment of the agency entrusted by the state Legislature, the appeal does not constitute a "civil action" for the purposes of removal. *See, e.g., Crivello v. Board of Adjust. of Borough of Middlesex,* 183 F.Supp. 826, 828 (D.N.J.1960). The Court finds the reasoning of *Crivello* applicable to the instant case. Since the judicial review provisions of the Nevada APA do not

1. While Matherly mentions portions of the United States Constitution, he also did not state a claim based directly on the Federal Constitution. Nor could he. *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981) (*Bivens* action unavailable against state and local officials).

2. The fact that a state court may eventually determine that the Nevada APA does not apply to the Water District's decision to terminate Matherly does not change this result. The face of the "complaint" indicates that Matherly is attempting to invoke the judicial review procedures of the Nevada APA.

**994**

allow for a trial *de novo,* but instead require that the proceedings are confined to the administrative record, *see* Nev.Rev.Stats. § 233B.135(1)(b), and further does not allow the reviewing court to substitute its judgment on the weight of the evidence for that of the agency, *see* Nev.Rev.Stats. § 233B.135(3), the action commenced by Matherly was not a civil action for removal purposes. *See also Collins v. Public Service Commission of Missouri,* 129 F.Supp. 722, 725 (W.D.Mo.1955) (filing of petition for judicial review of an administrative determination constituted a continuation of the administrative proceeding); *California Packing Corp. v. I.L.W.U. Local 142,* 253 F.Supp. 597, 599 (D.Haw.1966) ("28 U.S.C. is replete with references to removal from a State court, and plainly does not contemplate procedures involving administrative bodies"). As the Court has determined that Matherly's Petition does not state a "substantial" federal question, does not artfully plead a federal cause of action, and is not a "civil action" for the purposes of removal under 28 U.S.C. § 1447, the Court need not consider Matherly's further arguments in support of his Motion to Remand. Accordingly, as required by 28 U.S.C. § 1447(c), the Court will remand this case to Nevada state court.

IT IS THEREFORE ORDERED THAT the Motion to Remand to State Court (# 7) filed by Petitioner Jerry E. Matherly is GRANTED;

IT IS FURTHER ORDERED THAT this matter is remanded to the Eighth Judicial District Court for Clark County, State of Nevada, and that the Clerk shall forthwith mail a certified copy of this Order to the Clerk of the District Court of Clark County, State of Nevada.