**Elwood Vernon DEAN, Plaintiff,**

v.

**JET SERVICES WEST, INC., Sequa Corporation, and Chromalloy Gas Turbine Corporation, Defendants.**

**Civ. No. 91–1406–B (P).**

United States District Court, S.D. California.

Dec. 20, 1991.

---

**5.** For obvious reasons, the court will not reach a new issue such as this which is raised for the first time in the reply.

John C. Wynne, Mary L. Topliff, San Diego, Cal., for plaintiff.

Scott C. Cummins, San Diego, Cal., James N. Foster, Thomas A. Vierling, St. Louis, Mo., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES AND COSTS AND DENYING DEFENDANTS' MOTION TO DISMISS

BREWSTER, District Judge.

On December 16, 1991, the above-captioned matter came on regularly for hearing before the Honorable Rudi M. Brewster.

Upon consideration of plaintiff's motion to remand and request for fees and costs and defendants' motion to dismiss, the papers filed in opposition, and the arguments presented at the hearing, it is hereby ordered:

1.  Plaintiff's motion to remand is denied.

Plaintiff's complaint alleges wrongful termination based on age discrimination and other common law claims; it does not mention the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). Based on the complaint, plaintiff argues that the case should be remanded to state court. Defendants urge this court to find, however, that ERISA preempts those state law claims and that this case was thus properly removed.

ERISA preemption is "conspicuous for its breadth" and "deliberately expansive." *Ingersoll–Rand v. McClendon,* — U.S. ——, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (citations omitted). ERISA preempts state law which relates to or has a connection with an ERISA plan.

*Id.* 111 S.Ct. at 483. State law relates to an ERISA plan when the ERISA plan is a critical factor in establishing liability or when the purpose of the alleged misconduct had as its purpose the avoidance of payment under an ERISA plan. *Id.*

■ Plaintiff's amended complaint causes preemption by ERISA. At paragraph 9 of his complaint he alleges "[a]t the time of his discharge, plaintiff was earning health, life and other insurance and retirement benefits and good annual wages...." Then plaintiff alleges in paragraph 15(d) that defendants engaged in discriminatory actions including "[p]roviding less favorable treatment, employment terms and benefits to older workers...." In paragraph 19(d) plaintiff alleges defendants' reason for terminating him was defendants' desire "to create generally a younger work force and to remove older, sometimes higher salaried employees from the work force...."

Plaintiff contends that the loss of ERISA benefits is a noncritical, merely consequential element of his complaint. Reading his complaint as a whole, however, he is alleging that defendants discriminated against him, based on his age, so that defendants could avoid paying him his salary and his ERISA benefits. The underlying allegation in the complaint is that the lost benefits are not merely the consequences of defendants' actions but were part of the motive for firing defendant, based on his age. Such allegations invoke ERISA preemption. *Ingersoll–Rand, supra.* Removal was, therefore, proper and plaintiff's motion to remand must be denied.

Because plaintiff's motion to remand is denied, his request for fees and costs in bringing this motion are denied.

**2. Defendants' motion to dismiss is denied.**

A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Defendants bring their motion to dismiss claiming (a) plaintiff's common law causes of action are preempted by California's Fair Employment and Housing Act (FEHA), Cal.Gov't Code § 12901 *et seq.,* (b) plaintiff's common law causes of action are subject to the exclusive remedies provided in California's Worker's Compensation Act, and (c) plaintiff's claims for inducement of breach of contract cannot stand against parties to the contract in dispute.

**a. *Preemption of common law claims by FEHA***

■ Plaintiff's second through seventh causes of action are for breach of implied covenant; breach of implied covenant not to discriminate; breach of covenant of good faith and fair dealing; tortious inducement of breach of contract; and negligent interference with contract. These are common law claims.

The Ninth Circuit, basing its decision on California Courts of Appeal cases, has held that "[t]here is no common law cause of action for age discrimination in California; the exclusive remedy for wrongful termination based on age is California's Fair Employment and Housing Act (FEHA)." *Nishimoto v. Federman–Bachrach & Assoc.,* 903 F.2d 709, 716 (9th Cir.1990) (citing *Strauss v. A.L. Randall Co.,* 144 Cal. App.3d 514, 520–521, 194 Cal.Rptr. 520 (1983)).

To the extent that related common law claims are grounded in a purported age discrimination common law claim, they too are preempted by FEHA. *Real v. Continental Group, Inc.,* 627 F.Supp. 434 (N.D.Cal.1986). Defendants rely on these cases to support their allegation that plaintiff's common law claims are preempted by FEHA and thus fail to state a claim upon which relief can be granted under Rule 12(b)(6).

However, a recent California Supreme Court decision calls into question the basic assumption of *Strauss* that FEHA preempts all related state common law. *Rojo v. Kliger,* 52 Cal.3d 65, 81–82, 276 Cal.Rptr. 130, 801 P.2d 373 (1990). The court in *Rojo* found that FEHA did not

repeal state common law relating to employment discrimination but rather was intended to expand and supplement such common law causes of action. Federal courts held even before *Rojo* that common law claims not grounded in age discrimination may stand in a wrongful termination case. *See Pfeifer v. U.S. Shoe Corp.*, 676 F.Supp. 969, 972 (C.D.Cal.1987).

The *Rojo* analysis alone would not aid plaintiff because no common law for age discrimination existed prior to FEHA. However, plaintiff's complaint for age discrimination is properly based on FEHA and his related common law contract claims are thus grounded in FEHA, not a common law age discrimination claim. Defendants' motion to dismiss the supplemental state causes of action based on FEHA preemption is denied.

#### b. *Preemption by worker's compensation*

■ Defendants assert that plaintiff's claims are preempted by Worker's Compensation, Cal.Labor Code § 3200 *et seq.*, to the extent they involve physical or mental injuries arising from his termination. The second through fifth causes of action do not allege any physical or mental injury; however, the sixth and seventh causes of action allege embarrassment, humiliation, and anguish in addition to economic injury.

Defendants rely on language in a California Supreme Court case which states physical and mental injuries arising from employment termination generally are subject to the exclusive remedies of worker's compensation laws. *Shoemaker v. Myers*, 52 Cal.3d 1, 7, 276 Cal.Rptr. 303, 801 P.2d 1054 (1990). That case, however, did not concern post-termination injury. *Id.* at 14, n. 6, 276 Cal.Rptr. 303, 801 P.2d 1054. Nevertheless, *Shoemaker* did discuss situations in which termination injury may not be covered by worker's compensation. *Id.* at 11, 276 Cal.Rptr. 303, 801 P.2d 1054. Defendants' conclusory argument that all termination injuries fall under worker's compensation is not convincing. In any event, allegations of embarrassment, humiliation, and anguish do not allege injuries within the jurisdiction of worker's compensation unless they are incident to a physical injury which is not present here. *Robards v. Gaylord Brothers, Inc.*, 854 F.2d 1152 (9th Cir.1988).

Additionally, the sixth and seventh causes of action are not against plaintiff's employer, Jet Services West, but against the employer's parent companies, Sequa Corporation and Chromalloy Gas Turbine Corporation. Defendants hope to skirt this flaw by relying on plaintiff's boilerplate language that all defendants were agents of one another. This is not sufficient to dismiss plaintiff's claims.

Defendant's motion to dismiss based on Worker's Compensation preemption is denied as to all causes of action.

#### c. *Inducement of breach of contract*

The sixth and seventh causes of action allege inducement of breach of contract or negligent interference with contract by Sequa and Chromalloy.

Defendants argue that plaintiff, in alleging that defendants are the agents of one another, has placed the parent corporations Sequa and Chromalloy in the shoes of his employer Jet Services. Defendants offer no authority for this legal proposition, and the court can find none. Defendants then argue that in those shoes Sequa and Chromalloy could not have induced the breach of Jet's contract with plaintiff because a party to a contract cannot induce its breach. *Shoemaker v. Myers*, 52 Cal.3d 1, 24–25, 276 Cal.Rptr. 303, 801 P.2d 1054 (1990).

The *Shoemaker* case is not violated by the sixth or seventh causes of action, and defendants' motion to dismiss these two causes of action must be denied.

IT IS SO ORDERED.